IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| STEPHANIE WOODS AND SOUTHERN HOME SOLUTIONS, LLC, § § § | |
| Plaintiffs, § § | |
| vs. § | CIVIL ACTION NO. 4:15−CV−00536 |
| § | |
| U.S. BANK, N.A., ET AL., § § § | |
| Defendants. § | |

**OBJECTION TO RECOMMENDATION AND BRIEF IN SUPPORT**

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, Defendant U.S. Bank National Association ("U.S. Bank") objects to the Report and Recommendation of United States Magistrate Judge (Doc. No. 48) (the "Recommendation"), and respectfully shows the Court as follows:

**I.
INTRODUCTION**

The Court has subject matter jurisdiction over the claims asserted in this action based on diversity jurisdiction. Co-defendant Barrett, Daffin, Frappier, Turner & Engel, LLP ("Barrett Daffin") is a nominal party that has been improperly joined because no reasonable basis exists for recovery against Barrett Daffin in this action. Therefore, the Court should sustain this objection and retain jurisdiction over this action.

## II.
## BACKGROUND

On July 6, 2015, Plaintiffs Stephanie Woods ("Woods") and Southern Home Solutions, LLC ("Southern") (collectively, "Plaintiffs") filed their Original Petition (the "Petition") in state court challenging the May 5, 2015 foreclosure sale of the real property located at 105 Cloudcroft Dr., Wylie, Texas 75098 (the "Property"). *See* Petition ¶¶ 6-37.

In connection with her purchase of the Property, on March 2, 2009, Woods executed a promissory note ("Note") in favor of Leader One Financial Corporation and a deed of trust ("Deed of Trust"). *Id.* ¶ 9. The Note was subsequently assigned to U.S. Bank. *Id.* ¶ 15. Woods admittedly defaulted on her loan payment obligations in November 2009. *Id.* ¶ 13. Woods entered into a trial modification agreement with U.S. Bank in October 2010, but admittedly defaulted under the trial modification agreement. *Id.* ¶ 17. Woods subsequently entered into a trial forbearance plan in October 2012, but admittedly defaulted under the trial forbearance plan. *Id.* ¶ 19. Plaintiffs allege that, on April 30, 2015, Woods entered into an agreement to sell the Property to Southern, subject to the approval of U.S. Bank. *Id.* ¶ 25. Plaintiffs also allege that Southern, which was pre-approved for funding up to $200,000, presented a packet for approval of the sale to U.S. Bank on May 1, 2015. *Id.* ¶ 26. Plaintiffs further allege that U.S. Bank purportedly approved the sale of the Property to Southern and that title to the Property passed to Southern on May 1, 2015, but that U.S. Bank, through Barrett Daffin, issued a notice that the Property was scheduled for a May 5, 2015 foreclosure sale. *Id.* ¶¶ 23, 26. Plaintiffs further allege that, on May 4, 2015, U.S. Bank sent a request to Barrett Daffin to stop the foreclosure sale and provided a payoff amount[1] to Woods, but that the Property was sold to American Homes 4 Rent Properties Eight, LLC ("American") on May 5, 2015. *Id.* ¶ 28.

---

[1] Although paragraph 28 of the Petition makes reference to a reinstatement quote, Plaintiffs are referring to a payoff statement dated May 4, 2015. *See* Petition ¶ 41 (referring to a payoff amount); *see also* Doc. No. 26-1 (payoff statement).

In connection with these allegations, Southern asserts a claim against Barrett Daffin for violation of the Deceptive Trade Practices-Consumer Protection Act ("DTPA") for "unconscionable conduct" based on loan servicing and foreclosure activity allegations that: (1) Barrett Daffin and U.S. Bank colluded to provide an inflated payoff amount in excess of $200,000, the amount of Southern's pre-approved funding, to preclude Southern from purchasing the Property; and (2) Barrett Daffin wrongly sold the Property based on U.S. Bank's purported request to Barrett Daffin to stop the foreclosure sale. *Id.* ¶ 41. It bears noting, however, that Southern alleges that U.S. Bank, not Barrett Daffin, "unconscionably padded" the payoff amount. *Id.* Southern does not identify which section of the DTPA was allegedly violated. *See generally* Petition.

On August 7, 2015, U.S. Bank removed this action to federal court on the basis of diversity jurisdiction. *See* Doc. No. 1. In response, on September 28, 2015, Plaintiffs filed their Motion to Remand (Doc. No. 26). On January 22, 2016, the Magistrate Judge issued his Recommendation that this action be remanded back to state court. *See* Recommendation.

## III.
## OBJECTION TO RECOMMENDATION

U.S. Bank respectfully objects to the Recommendation's conclusion that Barrett Daffin is not a nominal party that was improperly joined because no reasonable basis exists for recovery against Barrett Daffin in this action.

A.     IMPROPER JOINDER EXCEPTION TO COMPLETE DIVERSITY

The improper joinder doctrine is an exception to the complete diversity rule. *See, e.g., Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). The doctrine ensures "that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity." *Borden v. Allstate Ins. Co.,* 589 F.3d 168, 171 (5th Cir. 2009). "In other words, it allows a court to disregard the citizenship of an improperly joined

defendant for purposes of determining diversity."  *Adams v. CitiBank*, No. 3:11-CV-3085, 2012 WL 2122175, at *3 (N.D. Tex. May 11, 2012), *rec. adopted*, 2012 WL 2130907 (N.D. Tex. Jun. 12, 2012) (citing *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004)).

To establish improper joinder, a party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Smallwood*, 385 F.3d at 573-74.  "If no reasonable basis for recovery exists, a conclusion can be drawn that the plaintiff's decision to join the local defendant was indeed improper, unless the showing compels dismissal of all defendants." *McDonal v. Abbott Labs.,* 408 F.3d 177, 183 (5th Cir. 2005) (emphasis omitted).  "To prove improper joinder based on a plaintiff's inability to establish a cause of action against a non-diverse defendant, a removing defendant must demonstrate no possibility of recovery by the plaintiff against the in-state defendant, *i.e.* no reasonable basis for predicting that the plaintiff might be able to recover against the in-state defendant." *Adams*, 2012 WL 2122175, at *3 (citing *Smallwood*, 385 F.3d at 572).

In determining whether a party has been improperly joined, the district court should conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the in-state defendant." *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006).  Notably, a "mere theoretical possibility of recovery under local law" will not preclude a finding of improper joinder.  *Smallwood*, 385 F.3d at 573 n. 9; *see also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002).

B.     **BARRETT DAFFIN IS ENTITLED TO QUALIFIED IMMUNITY**

As an initial matter, no reasonable basis exists for Southern to recover against Barrett Daffin because the DTPA claim is barred by the doctrine of qualified immunity.  "Texas courts

have long held that attorneys cannot be held civilly liable for damages to non-clients, under any theory of recovery, for actions taken in connection with representing a client." *Reagan Nat'l Adver. of Austin, Inc. v. Hazen*, No. 03–05–699–CV, 2008 WL 2938823, at *2 (Tex. App.—Austin July 29, 2008, no pet.); *Rojas v. Wells Fargo Bank, N.A.*, 571 Fed. App'x 274, 278 (5th Cir. 2014) ("attorneys are generally immune from suits brought under Texas law against them by their adversaries if the action arises out of the duties involved in representing a client."); *Spencer v. Hughes Watters Askanse, LLP,* No. 5:15-CV-00233, 2015 WL 3507117, at *3-4 (W.D. Tex. June 3, 2015) ("Under Texas law, attorneys are generally immune from suits brought against them by adversaries when the action arises out of the duties of representing a client."); *Green v. Buckley Madole, P.C.,* No. 3:14-CV-3742-N-BN, 2015 WL 1505697, at *2-4 (N.D. Tex. Mar. 30, 2015) (holding that foreclosure counsel was entitled to immunity and thus improperly joined as a party); *Klein v. Wells Fargo Bank, N.A.*, No. A-14-CA-861-SS, 2014 WL 5685113, at *3 (W.D. Tex. Nov. 4, 2014) *aff'd*, 613 F. App'x 428 (5th Cir. 2015) ("Attorneys retained as foreclosure counsel enjoy immunity when acting within the scope of their representation."); *Van Hauen v. Wells Fargo Bank, N.A.*, No. 4:12–CV–344, 2012 WL 4092590, at *3 (E.D. Tex. Aug. 16, 2012), *report adopted*, 2012 WL 4092516 (E.D. Tex. Sept. 12, 2012) ("Attorneys are immune from suit by their client's adversaries for conduct undertaken in their capacity as attorneys."); *Givens v. Midland Mortgage Co.*, 393 S.W.3d 876, 880 (Tex. App.—Dallas 2012, no pet.) (affirming summary judgment in favor of Barrett Daffin on attorney immunity grounds); *Campbell v. Mortgage Elec. Registration Sys., Inc.*, 2012 WL 1839357, at *5 (Tex. App.—Austin May 18, 2012, pet. denied) (holding that attorney's representation of mortgagee in non-judicial foreclosure is protected by attorney immunity).

An "attorney's conduct is not actionable even if it is frivolous or without merit as long as the attorney's alleged conduct was part of discharging his duties in representing his client."

*Chapman Children's Trust v. Porter & Hedges, L.L.P.*, 32 S.W.3d 429, 441 (Tex. App.—Houston [14th Dist.] 2000, pet. denied); *see also Bradt v. West*, 892 S.W.2d 56, 71-74 (Tex. App.—Houston [1st Dist.] 1994, writ denied). The application of qualified immunity to attorneys is based on the public's interest in "loyal, faithful and aggressive representation by the legal profession." *Reagan Nat'l Adver. of Austin, Inc.*, 2008 WL 2938823, at *2. Attorney immunity "applies to litigation, transactions, and foreclosure work." *Spencer*, 2015 WL 3507117, at *3-4; *see also Smith v. Nat'l City Mortg.*, No. A–09–cv–881 LY, 2010 WL 3338537, at *4 (W.D. Tex. Aug. 23, 2010) (representing mortgagee by initiating foreclosure proceedings against a defaulting homeowner falls within the scope of an attorney's duties in representing his client).

The Fifth Circuit has previously held that Barrett Daffin "has immunity for its acts as foreclosure counsel." *See Iqbal v. Bank of America, N.A.*, 559 F. App'x 363, 365 (5th Cir. 2014) (foreclosure firm was immune from suit because it "was retained to assist in the foreclosure, and the actions complained of . . . [were] within the scope of their representation"); *Rojas*, 571 Fed. App'x at 278 (Barrett Daffin "has immunity for its acts as foreclosure counsel"); *Lassberg v. Barrett Daffin Frappier Turnere & Engel, L.L.P.*, No. 4:13–cv–577, 2014 WL 2446173, at *1 (E.D. Tex. May 30, 2014) (finding Barrett Daffin was protected by the doctrine of qualified immunity where it was acting in its role as the law firm hired to conduct foreclosure proceedings and acted merely as the representative and/or agent of the defendant bank); *see also Van Hauen*, 2012 WL 4092590 at *1-3 (finding defendant attorney was immune from suit where its only role in the facts supporting plaintiff's allegations is that it was acting as the substitute trustee and legal counsel for a scheduled foreclosure sale); *Angle v. Mortgage Electronic Registration Systems, Inc.*, 2011 WL 4370969, at *2 (E.D. Tex. Sept. 19, 2011) (holding foreclosure counsel was

improperly joined because "any conduct by [foreclosure counsel] would have been as attorney or agent for the other Defendants in accomplishing the foreclosure.").[2]

In this case, the Petition is devoid of any allegations suggesting that Barrett Daffin engaged in any activities outside of its representation of U.S. Bank to conduct foreclosure proceedings.  Barrett Daffin was retained as counsel to assist U.S. Bank with the non-judicial foreclosure sale of the Property.  The allegations that form the basis of the DTPA claim asserted against Barrett Daffin are that Barrett Daffin and U.S. Bank colluded to provide an inflated payoff amount and that Barrett Daffin should not have sold the Property based on an alleged request to stop the foreclosure sale.  *See* Complaint ¶ 41.  These allegations, however, do not demonstrate that Barrett Daffin engaged in any activities outside of its representation of U.S. Bank.  While Southern refers to Barrett Daffin as a substitute trustee, the conduct complained of occurred while Barrett Daffin was acting in its role as counsel hired to conduct foreclosure proceedings.  Nowhere in the Petition does Southern allege that Barrett Daffin, acting as a substitute trustee, did not comply with the Deed of Trust or Texas Property Code.  Thus, Barrett Daffin took all of the alleged actions in its capacity as foreclosure counsel in connection with the representation of its client, U.S. Bank, to conduct foreclosure proceedings.  Consequently, Barrett Daffin is entitled to immunity from the DTPA claim.  *See Rojas*, 571 Fed. App'x at 278; *Iqbal*, 2014 WL 1017101, at *2; *Lassberg*, 2014 WL 2446173, at *1; *Van Hauen*, 2012 WL 4092590 at *3; *Angle*, 2011 WL 4370969, at *2; *Reagan Nat'l Adver. of Austin, Inc.*, 2008 WL 2938823, at *2; *Spencer*, 2015 WL 3507117, at *3-4; *Green*, 2015 WL 1505697, at *2-4; *Klein*, 2014 WL 5685113, at *3; *Givens*, 393 S.W.3d at 880; *Campbell*, 2012 WL 1839357, at *5.

---

[2] Additionally, "courts routinely hold that the mere inclusion of a non-diverse trustee as a nominal party will not defeat diversity jurisdiction." *Mendez v. Wells Fargo Bank, N.A.*, No. SA-14-CV-326-XR, 2014 WL 1923056, at *2 (W.D. Tex. May 13, 2014); *see also Turner v. JP Morgan Chase Bank, N.A.*, No. 3:12-CV-2701, 2013 WL 2896883, at *3 (N.D. Tex. Jun. 13, 2013) (trustee named solely in action to enjoin foreclosure is a nominal party whose presence does not affect diversity jurisdiction).

Therefore, no reasonable basis exists for Southern to recover against Barrett Daffin under the DTPA, and as a result, Barrett Daffin has been improperly joined in this action.

C.  THE DTPA CLAIM FAILS AS A MATTER OF LAW

The Recommendation acknowledges that Southern did not seek or acquire goods or services directly from Barrett Daffin, but concludes that Southern is nonetheless a consumer under the DTPA because Barrett Daffin performed services on behalf of U.S. Bank, and in performing those services, Barrett Daffin purportedly wrongfully sold the Property causing harm to Southern.[3]  *See* Recommendation at p. 10.  Notwithstanding that such loan servicing and foreclosure-related services were performed in connection with Barrett Daffin's representation of U.S. Bank, and therefore, the DTPA claim is barred by the doctrine of qualified immunity, the DTPA claim otherwise fails as a matter of law.

1.  Limited Liability Companies, Such as Southern, Are Not Consumers

Southern is not a consumer under the DTPA.  To qualify as a consumer under the DTPA, Southern must show that: (1) it sought or acquired goods or services by purchase or lease; and (2) the goods or services purchased or leased form the basis of the complaint.  *See Walker v. Fed. Deposit Ins. Corp.*, 970 F.2d 114, 123 (5th Cir. 1992).  Whether Southern is a consumer is a question of law.  *See Porter v. Countrywide Home Loans*, No. CV-07075, 2008 WL 2944670, at *3 (S.D. Tex. July 24, 2008).

A consumer under the DTPA is defined as "**an individual, partnership, corporation, this state, or a subdivision or agency of this state** who seeks or acquires by purchase or lease, any goods or services . . . ."  TEX. BUS. & COM. CODE § 17.45(4) (emphasis added).  A limited liability company, however, is neither included within the definition of a consumer under the DTPA nor an individual, partnership, corporation, state, or a subdivision or agency of a state

---

[3] Plaintiffs concede that Woods is not a consumer under the DTPA.  *See* Recommendation at p. 8.

based on the plain meaning of those terms.[4]  *See, e.g., Hoffman v. L & M Arts*, No. 3:10-CV-0953-D, 2015 WL 1000838, at *5, 8, 10 (N.D. Tex. Mar. 6, 2015) ("An LLC is clearly not an 'individual' under the ordinary meaning of that term." . . . "[A]n LLC . . . is neither a corporation nor a partnership . . . ."); *Deep Marine Tech., Inc. v. Conmaco/Rector, L.P.*, 515 F. Supp. 2d 760, 766 (S.D. Tex. 2007) (referring to a limited liability company as an "unincorporated association"); *AFFCO Investments, LLC v. KPMG, LLP*, No. H-07-3379, 2008 WL 5070053, at *5 (S.D. Tex. Nov. 20, 2008) *aff'd sub nom. Affco Investments 2001, L.L.C. v. Proskauer Rose, L.L.P.*, 625 F.3d 185 (5th Cir. 2010) ("LLC's are a hybrid entity with elements of traditional corporations and general partnerships, resisting categorical classification."); TEX. BUS. & COM. CODE § 17.45(4).  Thus, the plain language of the definition of consumer under the DTPA does not include a limited liability company.

At the time the DTPA was enacted, a limited liability company was not a recognized business entity under Texas law, which likely explains its absence from the definition of a consumer under the DTPA.  The Texas Legislature enacted the DTPA in 1973.  *See In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 177 (Tex. 1999) (citing Act of May 21, 1973, 63rd Leg., R.S., ch. 143, 1973 Tex. Gen. Laws 322, 330).  Thereafter, in 1991, the Texas Legislature authorized the creation of limited liability companies through its enactment of the Texas Limited Liability Company Act.  *Shook v. Walden*, 368 S.W.3d 604, 613 (Tex. App.—Austin 2012, pet. denied) (citing Act of May 25, 1991, 72d Leg., R.S., ch. 901, § 42, 1991 Tex. Gen. Laws 3161, 3192-236).[5]  Thus, a limited liability company was not a recognized business entity under Texas law

---

[4] "[I]t is a cardinal rule in Texas that a court construes a statute, 'first by looking to the plain and common meaning of the statute's words.'" *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999) (quoting *Liberty Mut. Ins. Co. v. Garrison Contractors*, 966 S.W.2d 482, 484 (Tex. 1998)).  "According to Texas courts, '[i]f the statutory language is unambiguous, the judge's inquiry is at an end.'"  *Greco v. Nat'l Football League*, 116 F. Supp. 3d 744 (N.D. Tex. 2015) (*citing Gonzalez v. Guilbot*, 315 S.W.3d 533, 540 (Tex. 2010)).  "Clear text is assumed to be determinative of legislative intent."  *Greco*, 116 F. Supp. 3d at 744 (citing *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009)).

[5] The Texas Limited Liability Company Act has been recodified under the Texas Business Organizations Code.

**OBJECTION TO RECOMMENDATION AND BRIEF IN SUPPORT**                                                                        **PAGE 9**

when the DTPA was enacted. Had the Texas Legislature intended for a limited liability company to be a consumer under the DTPA it could have included a "limited liability company" or a catch-all phrase for other legal entities in the definition of a consumer. The Texas Legislature, however, has done neither for approximately 25 years. Consequently, the plain language of the DTPA excludes limited liability companies. As a result, Southern, as a limited liability company, cannot establish that it is a consumer under the DTPA.

It also bears noting that in determining whether a party may recover attorney fees against a limited liability company under Section 38.001 of the Texas Civil Practice and Remedies Code, which limits those against whom attorney fees may be recovered to an "individual" and a "corporation," courts have held that, based on the plain meaning of the terms "individual" and "corporation" in Section 38.001, a limited liability company is neither an individual nor a corporation, and as a result, Section 38.001 does not authorize the recovery of attorney fees from a limited liability company. *See, e.g., Hoffman*, 2015 WL 1000838, at *10; TEX. CIV. PRAC. & REM. CODE § 38.001. Similar to Section 38.001's exclusion of a limited liability company by reference only to an individual and a corporation, Section 17.45(4) of the DPTA excludes a limited liability company from the definition of a consumer by reference only to an individual, partnership, corporation, this state, or a subdivision or agency of this state. Thus, a limited liability company is not included within the definition of a consumer under Section 17.45(4) and Section 17.45(4) should not be interpreted to include a limited liability company.

2.  **Southern Did Not Seek or Acquire any Services by Purchase or Lease**

Notwithstanding the above, Southern is not a consumer under the DTPA because there are no allegations in the Petition that it either sought to purchase or lease or actually purchased or leased any services. *See Walker*, 970 F.2d at 123 (to qualify as a consumer under the DTPA, a party must show that it sought or acquired goods or services by purchase or lease). Although the

Recommendation concludes that Barrett Daffin was performing services on behalf of U.S. Bank, the Petition, however, is devoid of any allegations that Southern *sought or acquired* any loan servicing or foreclosure-related services that Barrett Daffin performed on behalf of U.S. Bank. Similarly, there are no allegations that Southern sought or acquired *by purchase or lease* any loan servicing or foreclosure-related services that Barrett Daffin performed on behalf of U.S. Bank. In particular, Southern does not allege that it sought or acquired the purportedly inflated payoff amount by purchase or lease. Nor are there any allegations that any services that Barrett Daffin performed on behalf of U.S. Bank were for the benefit of Southern. Thus, there are no allegations that Southern sought or acquired by purchase or lease any loan servicing or foreclosure-related services. Therefore, Southern is not a consumer.

Moreover, the Fifth Circuit has clarified that loan servicing and foreclosure activities do not constitute services under the DTPA. *See Rojas*, 571 F. App'x at 279 ("Rojas is not a consumer . . . because the basis of her claim is the subsequent loan servicing and foreclosure activities, rather than the goods or services acquired in the original transaction."). Federal district courts in Texas have also dismissed DTPA claims based on mortgage servicing and foreclosure activities. *See Brown v. Wells Fargo Bank, N.A.*, No. H-13-3228, 2015 WL 926573, at *3 (S.D. Tex. Mar. 4, 2015) ("Brown's claim is based . . . on subsequent mortgage servicing and foreclosure activities. . . . Brown is therefore not a consumer under the DTPA."); *Fowler v. U.S. Bank, Nat. Ass'n*, 2 F. Supp. 3d 965, 974 (S.D. Tex. 2014) ("Because the basis of Plaintiffs' claim is subsequent loan servicing and foreclosure activities . . . Plaintiffs are not consumers under the DTPA with regard to this claim."); *Hutchinson v. Bank of Am., N.A.*, No. H-12-3422, 2013 WL 5657822, at *5 (S.D. Tex. Oct. 16, 2013) *aff'd*, 575 F. App'x 443 (5th Cir. 2014) (dismissing DTPA claim because the basis of the claim "stem[med] from the loan and the foreclosure proceedings"); *Khan v. Wells Fargo Bank, N.A.*, No. H:12–1116, 2013 WL 5323098,

at *4 (S.D. Tex. Sept. 20, 2013) ("Servicing a mortgage is not a service under the DTPA."); *Calvino v. Conseco Fin. Servicing Corp.*, No. A-12-CA-577-SS, 2013 WL 4677742, at *8 (W.D. Tex. Aug. 30, 2013) (holding that DTPA claim failed "because it is well-established under Texas law that servicing a mortgage is not a 'service' under the DTPA . . . ."); *Gatling v. Citimortgage, Inc.*, No. H-11-2879, 2012 WL 3756581, *13 (S.D. Tex. Aug. 28, 2012) (dismissing DTPA claim because plaintiff complained of acts involving defendants' subsequent loan servicing and foreclosure activities).

In this case, the basis of Southern's DTPA against Barrett Daffin relates to loan servicing and foreclosure-related activities. *See* Complaint ¶¶ 41 (allegations of collusion to provide an inflated payoff amount and that the Property was wrongfully sold). However, such servicing and foreclosure-related activities do not constitute services under the DTPA, and as a result, Southern is not a consumer under the DTPA. *See Rojas*, 571 F. App'x at 279; *Brown*, 2015 WL 926573, at *3; *Fowler*, 2 F. Supp. 3d at 974; *Hutchinson*, 2013 WL 5657822, at *5; *Khan*, 2013 WL 5323098, at *4; *Calvino*, 2013 WL 4677742, at *8; *Gatling*, 2012 WL 3756581, *13. Therefore, the DTPA claim fails as a matter of law.

      3.     **Southern Fails to Establish a DTPA Violation as a Matter of Law**

Southern has not alleged facts demonstrating that Barrett Daffin committed a wrongful act proscribed by the DTPA. In the Petition, Southern alleges that Barrett Daffin violated the DTPA and seeks damages from Barrett Daffin for unconscionable conduct, but completely fails to identify the provision(s) of the DTPA that Barrett Daffin purportedly violated. *See* Petition ¶¶ 41-43. Such allegations are precisely the sort of "naked assertions devoid of further factual enhancement" that fail to state a claim. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *see also Cantor v. Wachovia Mortgage, FSB*, 641 F. Supp. 2d 602, 611-12 (N.D. Tex. 2009) (holding no reasonable basis for recovery against substitute trustee with respect to DTPA claim based on

general allegations not supported by specific, underlying facts). Nonetheless, the Recommendation concluded that Plaintiffs alleged a violation of Section 17.46(b)(14) of the DTPA based on matters outside of what was alleged in the Petition.

To determine whether jurisdiction is present for removal, the Fifth Circuit "consider[s] the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). A "long-standing rule requires district courts to utilize a plaintiff's active pleadings at the time of removal" in determining whether subject matter jurisdiction exists. *Gutierrez v. United Parcel Service, Inc.*, No. EP-08-CA-187-DB, 2008 WL 3887641, at *1-2 (W.D. Tex. Aug. 21, 2008). In other words, "[r]emoval jurisdiction depends on the plaintiff's state court pleadings at the time of removal." *Morlock, L.L.C. v. JPMorgan Chase Bank, N.A.*, No. H-13-0734, 2013 WL 5781240, at *4 (S.D. Tex. Oct. 25, 2013) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 349, 83 L.Ed. 334 (1939) and *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995)). Thus, "[w]hen a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the [notice of] removal is filed." *Lopez-Welch v. State Farm Lloyds*, No. 3-14-CV-2416-L, 2014 WL 5502277, at *3 (N.D. Tex. Oct. 31, 2014) (citing *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990) (holding that the issue of jurisdiction must be resolved by looking at the pleadings at the time of removal)). "Limiting the determination of questions regarding removal jurisdiction to the claims set forth in the state pleadings at the time of removal ensures finality and early resolution of the jurisdictional issue, both of which reduce expense and delay to the parties and court." *Lopez-Welch*, 2014 WL 5502277, at *3 (citing *Cavallini*, 44 F.3d at 264).

Under Federal Rule of Civil Procedure 7(a), a "pleading" is a complaint, answer to a complaint, answer to a counterclaim, answer to crossclaim, third-party complaint, answer to a

third-party complaint, or reply to an answer if ordered by the court. FED. R. CIV. P. 7(a). Thus, a motion to remand does not constitute a "pleading" as defined under Rule 7(a) of the Federal Rules of Civil Procedure. *See, e.g., Johnson v. Anderson*, No. 4:03-CV-1355-Y, 2004 WL 1908212, at *1 n. 1 (N.D. Tex. Aug. 25, 2004) (citing *Bigelow v. RKO Radio Pictures*, 16 F.R.D. 15, 17 (N.D. Ill. 1954) (distinguishing the portion of Rule 7(a) on "Pleadings" from Rule 7(b) on "Motions," and noting that a "motion is not a pleading")); *Sorbo v. United Parcel Service*, 432 F.3d 1169, 1177 (10th Cir. 2005) (noting that "[p]leadings are categorically distinguished from motions, *see* Rule 7(a) & (b) . . . ." ); *see also Guthrie v. Ball*, No. 1:11-cv-333-SKL, 2014 WL 5089849, at *4 (E.D. Tenn. Oct. 9, 2014) ("Courts do not recognize that motions . . . constitute a "pleading" under Rule 7(a)."); *Brewster v. Aramark Corp.*, No. 2:140-cv-0273, 2014 WL 3867284, at *2 (S.D. Ohio Aug. 6, 2014) ("a motion . . . [is] not [a] "pleading[]" as defined by Rule 7(a) of the Federal Rules of Civil Procedure.").

Although the Recommendation acknowledges that liability must be determined on the claims pled in the Petition, matters outside of the Petition were considered in determining removal jurisdiction. The Recommendation concluded that Plaintiffs alleged that Barrett Daffin "misrepresented to American that it had the authority of a salesman, representative or agent of U.S. Bank" and that Barrett Daffin's "conduct in carrying out a sale was a false, misleading or deceptive act or practice in violation of TEX. BUS. & COM. CODE § 17.46(b)(14)." *See* Recommendation at p. 8 (citing to Motion to Remand at p. 6). Such allegations, however, are not pled in the Petition. *See* generally Petition. Rather, these assertions are found only in Plaintiffs' Motion to Remand, and as a result, should not be considered in determining whether removal jurisdiction is present. Therefore, the assertions relating to the purported violation of Section 17.46(b)(14) in the Motion to Remand should not be considered.

## IV.
## CONCLUSION

Based on the foregoing, the Court should sustain this objection, reject the Recommendation, retain jurisdiction over this action, and grant U.S. Bank such other and further relief to which it is justly entitled.

Respectfully submitted,

/s/ Marc D. Cabrera
**Jason L. Sanders**
  State Bar No. 24037428
  jsanders@lockelord.com
**Marc D. Cabrera**
  State Bar No. 24069453
  mcabrera@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
T: (214) 740-8000
F: (214) 740-8800

**ATTORNEYS FOR U.S. BANK**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record *via ECF* pursuant to the Federal Rules of Civil Procedure on this 20th day of February 2016.

/s/ Marc D. Cabrera
Counsel for U.S. Bank