**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STEPHANIE WOODS AND SOUTHERN HOME SOLUTIONS, LLC, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:15-cv-00536 |
| v. | § § | (Judge Clark/Judge Bush) |
| U.S. BANK, N.A., AMERICAN HOME 4 RENT PROPERTIES EIGHT, LLC, AND BARRETT, DAFFIN, FRAPPIER, TURNER & ENGEL, LLP, | § § § § § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER REMANDING CASE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On January 22, 2016, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Plaintiffs' Motion to Remand (Dkt. # 26) be GRANTED.

On February 20, 2016, Defendant U.S. Bank, N.A. ("USB") filed objections to the Magistrate Judge's report (Dkt. # 52). Plaintiff has filed a response (Dkt. # 53). No other Defendant has filed objections.

The court has made a *de novo* review of the objections raised by USB and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge.

1

The Magistrate Judge correctly found that there is no removal jurisdiction here. A case removed on the basis of diversity jurisdiction may be removed "only if none of the parties in interest is *properly* joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). Plaintiffs' state court petition sufficiently pleaded facts against in-state Defendant Barrett, Daffin, Frappier, Turner & Engle, LLP ("BDFTE") to establish a claim against it for violation of the Texas Deceptive Trade Practices Act (the "DTPA").

In opposing remand, Defendants made a number of arguments to the effect that Plaintiff Southern Home Solutions, LLC ("Southern") did not qualify as a consumer under the DTPA. As noted by the Magistrate Judge, "whether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). Here, the parties did not cite any authoritative precedent based on facts analogous to those alleged in the petition. As noted by the Magistrate Judge, even though there is no clear authority as to whether Southern qualifies as a consumer under the DTPA based on the facts alleged, USB did not meet its "heavy burden" of showing that Plaintiffs have no reasonable possibility of recovery against BDFTE as to their DTPA claims. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Furthermore, as also noted by the Magistrate Judge, the court is required to resolve any issues of material fact or ambiguity in the state law in Plaintiffs' favor. *Rico v. Flores*, 481 F.3d 234, 238-39 (5th Cir. 2007).

Although USB's objections renew the argument that BDFTE, as attorneys acting on behalf of a client, is entitled to qualified immunity, the cases relied upon by USB anaze

BDFTE's role as a "foreclosure attorney," not as a substitute trustee. *See* Dkt. #52 at 4-7. The cited cases all involve BDFTE – or other law firms – acting as attorneys or foreclosure counsel, not as substitute trustees, which is the case here. Neither USB nor BDFTE has contested that BDFTE was acting as a substitute trustee. As the Magistrate Judge noted, a trustee has a separate capacity and is imposed with a particular legal responsibility. *Perry v. Long*, 222 S.W.2d 460, 467 (Tex. Civ. App. 1949, writ ref'd) ("trustees are not agents"); *see also McIntosh v. U.S. Bank*, 2012 WL 75141, at *4 (S.D. Tex. 2012) ("A trustee exercising the authority to foreclose in accordance with the terms of a deed of trust does not act merely as an agent or employee of the lienholder but has a separate capacity with a particular legal responsibility."); *Hammonds v. Holmes*, 559 S.W.2d 345, 347 (Tex. 1977) ("The trustee has a separate capacity and is imposed with a particular legal responsibility."); *Beggs v. Brooker*, 79 S.W.2d 642, 643 (Tex. Civ. App. 1934), aff'd,130 Tex. 46, 106 S.W.2d 1039 (Tex. 1937) (same). Because here it is alleged that BDFTE was the substitute trustee for USB, and not acting merely as an attorney, the court cannot find that the doctrine of qualified immunity bars recovery against it.

USB further argues in its objections that Southern is not a consumer because it did not seek or acquire services from BDTFE. Dkt. 52 at 10. As the Magistrate Judge noted, a consumer suing under the DTPA need not establish contractual privity with the defendant; he need only show that the defendant has committed a deceptive act which is the cause of the consumer's damages. *Home Sav. Ass'n v. Guerra*, 733 S.W.2d 134, 136 (Tex. 1987) (citing *Weitzel v. Barnes*, 691 S.W.2d 598, 600 (Tex. 1985)). Here, Plaintiffs allege that BDFTE's conduct was on behalf of USB. In light of Plaintiffs' allegations regarding BDFTE's conduct, the court cannot say that Southern is not a consumer for purposes of the DTPA, or that Plaintiffs have no possibility of recovery against BDFTE under state law. The court agrees with the

Magistrate Judge that Defendants have not sustained their burden in showing that BDFTE was improperly joined.

USB also asserts in its objections a new argument not presented in its prior briefings to the Magistrate Judge. Namely, that Southern is not a consumer under the DTPA as a matter of law because it is a limited liability company ("LLC"), and an LLC is not included within the DTPA's definition of a consumer. *See* Dkt. # 52 at 8. The DTPA definition of consumer includes "an individual, partnership, corporation, this state, or a subdivision or agency of this state." TEX. BUS. & COM. CODE § 17.45(4). As USB points out, the enactment of the DTPA predates the enactment of legislation authorizing the creation of LLCs in Texas by several years – the DTPA was enacted in 1973 and LLCs were enacted in 1991. *See* Dkt. # 52 at 9-10. USB contends that since the Texas legislature has not amended the DTPA to encompass LLCs, its intent must be to exclude them. *Id*. However, USB cites no authority for this proposition. USB's comparison of the omission of an LLC from the DTPA's definition of consumer to the treatment of an LLC in Section 38.001 of the Texas Civil Practice and Remedies Code is unconvincing and not on point. *See* Dkt. #52 at 10. Neither is its reliance on the analysis of Section 38.001 in *Hoffman v. L & M Arts*, 2015 WL 1000838, at *10 (N.D. Tex. 2015). *Id*.

*Hoffman* and Section 38.001 are both clearly distinguishable. Section 38.001 provides that attorney's fees are recoverable only from a corporation or an individual, where "individual" is defined to mean only "humans." *Hoffman v. L & M Arts*, 2015 WL 1000838, at *5. Because an LLC is neither an individual nor a corporation, *Hoffman* concluded that attorney's fees are not recoverable from an LLC. *Id*. The same analysis is not applicable to the DTPA. The DTPA does not contain definitional distinctions similar to those contained in Section 38.001 and discussed in *Hoffman*. Given the fact that the DTPA predates the state's LLC statute and the fact

that a corporation is included within the DTPA's definition of consumer, the court cannot agree that the omission of LLC is indicative of any intent by the Texas legislature to purposefully exclude an LLC from the definition of consumer. Furthermore, courts must liberally construe and apply the Texas DTPA to promote the underlying goals of the statute, which include protecting consumers against false, misleading, and deceptive business practices and unconscionable actions. *Latham v. Castillo*, 972 S.W.2d 66, 68 (Tex. 1998); TEX. BUS. & COM. CODE §17.44(a). Moreover, to the extent that this issue represents an ambiguity in state law, it further supports the appropriateness of remand. *See Rico*, 481 F.3d at 244 (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999) (In making a determination of whether a plaintiff might be able to recover against an in-state defendant, the district court is "obliged to resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law in [the plaintiff's] favor.")

Finally, USB argues that the Magistrate Judge improperly considered allegations outside Plaintiff's original petition. *See* Dkt # 52 at 14. The court finds no error. It was within the Magistrate Judge's discretion to look beyond the pleadings at the time of removal, to post-removal filings if they amplify or clarify facts alleged in the state court complaint. *See Akerblom v. Ezra Holdings Ltd.*, 509 Fed. App'x 340, 344-45. The Magistrate Judge properly limited his consideration to matters that clarify the facts in the original petition. Additionally, as noted by the Magistrate Judge, the original petition contains facts that would show the reasonable possibility of recovery against BDFTE under the DTPA. *Smallwood*, 385 F.3d 568, 573 n. 9 (5th Cir. 2004); *Great Plains Trust Co. v. Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000). USB's argument is thus without merit.

Given the deference in favor of remand, and resolving any doubts regarding the propriety of removal in favor of remand, the court agrees with the Magistrate Judge's finding that remand is proper in this case. *See In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007); *see also Baych v. Douglass*, 227 F. Supp. 2d 620, 623 (E.D. Tex. 2002) (citing *Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100, 107–109, 61 S.Ct. 868, 871–72, 85 L.Ed. 1214 (1941).

The court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this court.

Therefore, Plaintiffs' Motion to Remand (Dkt. # 26) is GRANTED, and this case is **REMANDED** to the 219th Judicial District Court of Collin County, Texas for further proceedings.

So **ORDERED** and **SIGNED** this **8** day of **March, 2016.**

_____
Ron Clark, United States District Judge